# CHARLESTON.

1873.
January
Term.

GALE, *vs.* THE OIL RUN PETROLEUM CO., ET AL.

MARY GALE, PLAINTIFF AND APPELLEE *against* E. L.
GALE, AND THE OIL RUN PETROLEUM COMPANY,
DEFENDANTS AND APPELLANTS.

Decided February 22d, 1873.

## SYLLABUS.

M. G., in her bill alleges that in 1854, she purchased, and had conveyed to her a tract of 2,000 acres of land; that on the 27th day of December, 1864, she, and her husband made a deed of lease to J. S. C., and others for 100 acres, part of said tract, for the term of 20 years from the date of the deed of lease, for the price of $20,000 cash in hand, and for a rent reserved in the lease, one-fourth part of all the oil that should be produced upon the 100 acres demised. That afterwards the lessees and others organized a corporation by the name of the Oil Run Petroleum Company of West Virginia, for the purpose of mining, boring for, and pumping oil upon the land demised; that the corporation was created in the year 1865. That the corporation, by its agent and superintendent entered upon the land demised under the terms and provisions of the deed of. lease as her tenant. That the corporation as lessee held and occupied the land demised as her tenant, for the purposes mentioned in the deed of lease, and paid her husband and others, as her agents, the rent oil reserved until 1872; that sometime after said date the corporation, on demand being made, refused and failed to

pay the rent due and reserved in oil to her, or to her husband, or to any other person for her; and did then, and there allege as grounds for such refusal and failure to pay the rent oil, that a certain William Cady had notified, and ordered the corporation not to pay rent to her or to her husband, though by the terms of the deed of lease bound so to do. That the refusal to pay rent to her or to her agent on the grounds alleged amounted to a disclaimer of her title to the land demised, and that the corporation thereby forfeited its rights and interest in the term of years under the deed of lease, and are not entitled to the use and occupation of the land demised, but are strangers and trespassers thereon. HELD,

1. That, taking the allegations of the bill as stated to be true, the refusal to pay rent to the Plaintiff, or to her agent on the grounds stated, does not work a forfeiture of the unexpired term.

2. An estate for a fixed number of years in land, created by deed, will not be forfeited by a simple refusal to pay rent, or any mere words, where there is no open act of unmistakable hostility to the landlord's title, his grantees or assignees, with full notice from the tenant of his adverse title, or assertion of adverse title, and of his holding possession of the premises adversely to the landlord, his grantees or assignees, when no condition or covenant of forfeiture is contained in the deed of lease; especially, when the term exceeds five years.

3. The husband by virtue of his marital rights became vested with an estate in the land amounting at least to an estate for the joint lives of the husband and wife; and the husband, his grantees and assignees, by reason thereof, became entitled to the possession and use of the land until the determination of such estate.

*Cole*, for Appellants.

*Boggess, Sands and Hutchinson,* for Appellee.

HAYMOND, President.

This is an appeal from orders made by a judge in vacation, in a case in Ritchie county, on the 4th day of June, 1872, upon the bill, and prayer therein of Plaintiff.

Plaintiff alleges that in 1854, she purchased, and had conveyed to her by Walter Keeler and wife, a certain tract of 2,000 acres of land, lying mostly in Ritchie county; that on, or about the 27th day of December,

26

1873.
January
Term.

Gale,
v.
The Oil Run
Petroleum
Company et
al.

1864, she and her husband, made a deed of lease to John S. Carlisle and others for 100 acres of the land, described by metes and bounds, as set forth in the lease, for the term of 20 years, from, and after the 27th day of December, 1864; and that as rent for the use of the 100 acres of land, one-fourth part of all the oil that should be produced upon the land, was reserved in the deed of lease; that after the execution of the deed of lease, the lessees and others, organized a corporation by the name of The Oil Run Petroleum Company, of West Virginia, for the purpose of mining, boring for, and pumping oil, upon the leased premises; that the Company was created under the laws of this State, in the year 1865, having its principal office, or place of business, at or near Petroleum, in Ritchie county; that the Company, by, and through its agent, and superintendent, and under the terms and provisions of the lease, entered upon the 100 acres of land as the tenant of Plaintiff, and that as such lessee, it has held and occupied the land, and has paid Plaintiff, her husband, and others, as agents of Plaintiff, the rent oil, reserved in the lease, and did not question the right and title of Plaintiff, in the leased premises, until in March, 1872. That sometime in March, 1872, the Company, on demand being made, refused, and failed to pay the rent then due, reserved in oil, to Plaintiff, or to her husband, or to any other person for her: "and did, then and there allege, as grounds of such refusal, and failure to pay rent oil, that a certain William Cady, had notified and ordered the Defendant, The Oil Run Petroleum Company, not to pay the said, or any rent, to either Plaintiff, or her husband. Plaintiff further alleges, and insists; that the said refusal to pay rent to her, or to her agent, on the grounds stated, amounts to, and is a disclaimer of the title of Plaintiff in the 100 acres of land; and that the Defendant, the Oil Run Petroleum Company, has thereby forfeited its rights and interest in the term of years under the lease, and is not entitled to the use

1873
January
Term.

Gale
v.
The Oil Run-
Petroleum
Company et
al.

and occupation of the land demised, but is a stranger and trespasser thereon, and its possession thereof is a gross injury to Plaintiff. That the 100 acres of land have been mined, and bored for oil, and the company have made sub-leases of various lots of the land, and that a number of wells have been sunk and oil obtained in profitable quantities from the same; that there has been a great yield of oil from the tract; that the average daily yield and production of oil from the wells is about 170 barrels, which is worth $3.75 per barrel; that the present and known corporators and stockholders of the company, as the Plaintiff has been informed, believes, and charges, are non-residents of this State, and that she has no security for the oil illegally produced and taken from the land held under the lease by the company, save and except the term of years yet to come, which Plaintiff charges has been forfeited by the acts of the company, and the oil produced on the land, and the machinery placed thereon by the company, or its sub-tenants; that the names and interests of the sub-tenants of the company are so numerous and undefined that she cannot name them; that in April, 1872, Plaintiff commenced an action of ejectment against the company to recover the 100 acres of land leased, on account of the breach of covenants of the lease by the company, and for other just and sufficient causes, and that the action of eject-ment is pending in the Circuit Court of Ritchie county. Plaintiff also charges that the company is operating the land, and converting to its use the oils produced there-from, regardless of the rights and interests of Plaintiff; that the company has confederated with Cady, and others unknown, for the purpose pf defrauding and depriving her of the property, the production of the wells, and the divestiture of her title in the land; that upon her in-formation and belief, she charges that the company threatens, by verbal and other acts, to continue to deny her title to the land, its use, the production and profits

1873.
January
Term.

Gale
v,
The Oil Run
Petroleum
Company et
al.

thereof, and to operate and transport away, and convert into money the oil, &c., produced and being on the land; so that an action sounding in damages would be wholly unavailing to recover the same; that the land is valuable only on account of the oils and minerals underlying the surface. The production, mining for, and pumping of the oil, and the taking of the other materials are acts of waste, and destructive of the value of the land, and will be, if permitted to continue, of great permanent injury and damage to the land. Plaintiff also charges that persons acting for the company on the land, as their agents or superintendents, are not reputed solvent, and are reputed incapable of satisfying her pecuniarily for the loss, waste, and damage done and threatened to the property.

The Company and E. L. Gale, (Plaintiff's husband,) are made Defendants to the bill. An injunction prohibiting the Company, its agents, &c., from operating upon the land in any manner; from taking, removing or in anywise disposing of the products of the land, oil or other thing, and from removing the oil on hand, and from selling or assigning the lease, or any interest therein, and that a special receiver be appointed to take care of, and operate the wells upon the land, and prevent the loss and waste thereof, and any fixtures or machinery thereon during the pendency of the ejectment, &c., are prayed.

The deed of lease, which is filed as an exhibit, recites, that in consideration of $20,000, in hand paid, Edmund L. Gale and Mary Gale his wife, demise, &c., the land for the term stated in the bill, yielding therefor, in addition to the $20,000, one-fourth part of the oil that may be produced from the land—the oil to be delivered in the tank or tanks, or to be filled in barrels to be provided by Plaintiff and her husband; that the lease is made in fulfilment of a contract of lease between E. L. Gale and John S. Carlisle, on the 5th day of November,

1873.
January
Term.

Gale
v.
The Oil Run
Petroleum
Company et
al.

1864. E. L. Gale and Plaintiff, his wife, warrant generally the premises conveyed for the term of twenty years. The lease is signed and sealed by E. L. Gale and Mary Gale, and was acknowledged by each of them before a notary according to law, in December, 1867, and duly recorded in the Recorder's office of Ritchie county. The orders of the Judge granting the injunction and appointing a receiver as prayed for by the Plaintiff, recite, that notice was given to Defendants of the application for the injunction, and the appointment of a receiver. and that the company appeared and filed its answer to the bill, to which the Plaintiff replied generally; and the motion and application were heard upon the bill, affidavit thereto, the answer of Defendant, and the affidavit thereto, and general replication to the answer. It is argued by the Plaintiff's counsel that this Court, in considering and determining whether the orders of the Judge, which are appealed from, are erroneous, shall look alone to the bill and exhibits therewith filed; that the Judge, in considering the motion for the injunction, &c., had no right to look into or consider the answer or exhibits therewith filed, &c. Without determining this question at this point, I will proceed to examine whether looking alone to the allegations of the bill and exhibits therewith filed, it was error in the Judge to make the orders appealed from.

The case is important on account of the principle as well as the great amount of property involved in its determination. The principle involved is important, not only to the parties to this suit, but to all persons within the State, occupying the relation of landlord and tenant. The lease filed contains no covenant or condition for re-entry, in case of failure or refusal to pay the rent, or for any other cause. The bill does not state whether Plaintiff was married or single, when the 2,000 acres of land were conveyed to her by Keller and wife; nor does it state the price paid for it, or that it is the separate

1873.
January
Term.

Gale
v.
The Oil Run
Petroleum
Company et
al.

property of Plaintiff. The deed from Keller and wife is not filed, and so far as I can see or determine from the bill, the land was conveyed to Plaintiff, either before or after marriage, without containing any words that would constitute it the separate property of Plaintiff. I don't think it can be determined from the bill that the land is the separate property of the Plaintiff. Courts of Equity do not generally look with much favor upon penalties, and forfeitures, and the enforcement thereof. One of the great objects in view, in the original establishment of Courts of Equity, was to relieve against penalties and forfeitures in cases where their enforcement was contrary to equity and good conscience. The right to an injunction is not *ex debito justitiae*, but the application is addressed to the sound conscience of the chancellor, acting upon all the circumstances belonging to each particular case. The process of injunction should be applied with the utmost caution. The interference rests on the principle of a clear and certain right to the enjoyment of the subject in question, and an injurious interruption of that right which on just and equitable grounds ought to be prevented. Hilliard on Injunctions, page 16, chapter 1, paragraph 18.

The Plaintiff predicates her right to recover in the action of ejectment the unexpired term of the lease, upon the supposition that the reversion in fee simple in the land being vested in her, she, without reference to the marital rights of her husband, but in disregard thereof, has the right to treat the company as a wrongdoer and trespasser, because the company, in March, 1872 refused and failed to pay the rent reserved in oil, to her, or to her husband, or any other person for her ; and did then and there allege as ground of such refusal and failure to pay the rent oil, that a certain William Cady had notified and ordered the company not to pay the said, or any rent, to either the Plaintiff or to her husband, though by the terms of the deed of lease bound so to do. In

1873.
January
Term.

Gale
v.
The Oil Run
Petroleum
Company et
al.

other words, she claims the right to recover the unexpired term in the lease, because she claims that the refusal and failure of the company to pay the oil rent in arrear, due by the terms of the lease, and the words stated in connection with the refusal, amounted to a disclaimer of her title, and that the disclaimer operates a forfeiture of the rights and interest of the company in the unexpired term of the lease, and she alone is entitled to recover the term. It is by reason of this alleged forfeiture of the unexpired term that the Plaintiff claims her right of recovery in the ejectment, and her right to the injunction, and to compel the company to stop their large and doubtless profitable business of producing and selling oil; and also to have the company dispossessed of the land, all the machinery and oil already produced thereon, by a receiver, appointed by the Court, who is to take charge of the land and oil wells, and run and manage them until the ejectment case is determined, which may be a long or a short time. Is the claim of the Plaintiff, in this respect, well founded in law or equity? In the case of De Lancy *against* Ganong, determined in the Court of Appeals of the State of New York, in 1853, and reported in 5 Selden's Reports, it was decided that the denial, orally, by a tenant for life or years, of his landlord's title, and the assertion that he owns the lands in fee, and owes no rent tor them, does not work a forfeiture of the term, or authorize the landlord to maintain ejectment for the lands demised. That *mere words* can never work a forfeiture of an estate for life, or for years; that default in the payment of the rent, when there is a covenant for its payment, and no condition in the lease providing for a re-entry in case of such default, does not work a forfeiture of the term: This case was ably discussed before the Court, and Judge Denio delivered an able opinion in support of the principles determined by the Court, reviewing the authorities upon the subject up to that time in England and

1873.
January
Term.

Gale
v.
The Oil Run
Petroleum
Company et
al.

America; and all the other Judges of the Court, (except one who was not present at the argument,) concurred in the opinion of Judge Denio. It will be seen by reference to the opinion of Judge Denio that he cites and reviews a great number of cases and authorities, and that his opinion exhibits much learning and research upon the subject. To maintain ejectment for the non-payment of rent, the demise must contain a proviso or condition for a re-entry.—Same case; and Arch. Land and Ten., 161; Van Renselaer vs. Jewett, 2 Connct., 148; Jackson vs. Hogeboom, 11 John., 163.

It is said that any act of the lessee by which he disaffirms or impugns the title of his lessor, occasions a forfeiture of his lease, for to every lease the law tacitly annexes a condition, that if the lessee do anything that may affect the interest of the lessor, the lease shall be void, and the lessor may re-enter.—Bacon's Abr. Lease, T. Woodfall, Land and Ten., 150. In the case of Graves vs. Wells, 10 A. & E., 427, it was said: "No case has been cited where a lease for a definite term has been forfeited by mere words." "One thing in respect to a tenant's disclaimer of his landlord's title seems to be well settled. He cannot set up an adverse claim which may operate to bar his lessor's title by adverse possession under the statute of limitations, until he shall have expressly disaffirmed such title of his lessor, and given him full notice that he claims to hold adversely thereto."—1 Washburne on Real Property, pages 377 and 378.

It will be observed by reading the authorities cited that a distinction is made by many between tenants for years unexpired, and tenants from year to year, or at will. "It was probably also no ground of forfeiture of a lease for years at common law, though sometimes said to be, that a lessee had merely verbally asserted his own title to the premises, and on that ground refused to pay rent. Certainly a mere denial of the landlord's title by

1878.
January
Term.

Gale
v.
The Oil Run
Petroleum
Company et
al.

parol or payment of rent to a stranger, will in neither case amount to a forfeiture of a term.—Taylor's Landlord and Tenant, fifth edition, 385, 386. But independently of the common law doctrine of forfeiture, it is now held—at least in several of the United States—that if a tenant, even by mere words, distinctly repudiates the lessor's title, and asserts one in himself, and this is made known to the lessor, the tenant's holding becomes adverse, and will, in due time, ripen into a fee by adverse possession; and, therefore, he is at once a trespasser liable to ejectment or summary process by the lessor; and his tenancy, whether for years or at will, is forfeited. Taylor's Landlord and Tenant, 386, and cases there cited. I have not been able to see all the authorities cited by Taylor, but several of them which I have examined are cases of tenants from year to year, and at will. The case of Willison vs. Watkins, 3 Peter's R. p. 43 is cited. This was a case of tenancy at will. It was ejectment brought 30 years after the tenant had openly disclaimed title under his landlord with notice thereof to the landlord, and that he meant to hold from that time by his own title, and an adverse possession. Judge Baldwin, in delivering his opinion in this case, said: "Here was no secret disclaimer, no undiscovered fraud; it was known to Bordeaux, and was notice to him that Willison meant to hold from that time by his own title and an adverse possession." "Had there been a formal lease for a term not then expired, the lessee forfeited it by this act of hostility." It is to be observed in that case, that the question of forfeiture of an unexpired term did not arise, but, the question was, whether in such case the statute of limitations, would run in favor of the tenant from the time of the disclaimer of the landlord's title, and notice to the landlord by the tenant, that he meant from the time of the disclaimer, to hold the land, adversely, under his own title. In the case of Emerick, &c. vs. Tavenor, 9 Grattan 220, on forfeiture of an un-

27

1873.
January
Term.

Gale
v.
The Oil Run
Petroleum
Company et
al.

expired term was involved, and therefore the question now under consideration was not determined. Judge Lee, in his opinion in the case, incidentally refers to the case of Willison *vs.* Watkins, 3 P. R., before cited, and quotes from it. In the case of Emerick, &c. *vs.* Tavenor, 9 Grattan, the tenant had, about the time he quit the premises, conveyed them in fee to another person, who took possession, and claimed to hold adversely in fee, under the deed, and Judge Lee says, " it has been held that though the party purchase and enter upon the premises under an absolute conveyance, he still, in judgment of law, is deemed to have entered as the tenant of the landlord." And he further says, in substance, the conveyance under the statute of uses, (such as the conveyance in that case,) could not have the effect of a forfeiture, because it passed no greater interest than the tenant could lawfully convey, which was the *interesse termini* only ; and this would not affect the rights, and interests of the landlord, but that anciently, it was otherwise. See 9 Grattan, 225. The general rule is stated to be, that a tenant should not be permitted to contest his landlord's title. The rule is founded upon principles of justice and good faith. This rule, however, is not universally adhered to—it has its exceptions which are as wise and just in principle as the rule itself. In the case of Alderson *vs.* Miller, 15 Gratt. R., 279, it was determined by the Court that " though, as a general rule, a tenant is not allowed to question his landlord's title ; yet if a person in possession of land claiming title to it, is by fraud or mistake induced to believe that another has a better right to it, and to take a lease from him ; in an action by the landlord to recover possession, the tenant may set up such fraud or mistake, and show that he has a good title to the property." And Judge Allen said in that case, " But a principle adopted to promote justice and good faith, must not be used as an instrument of fraud and violence."

*1873.
January
Term.

Gale
v.
The Oil Run
Petroleum
Company et
al.

I think it clear, that a failure or refusal of a tenant to pay rent to his landlord will not work a forfeiture of the unexpired term by the common law. According to the allegations of the bill, the reasons assigned by the Defendant for refusing to pay the rent do not amount to a disclaimer of the Plaintiff's title. The Defendant did not claim title in itself, or to hold adversely to the Plaintiff, or to hold under any title adverse to the title of its landlord; nor can such be the necessary meaning or effect of the words alleged in the bill by a fair construction. The company did not claim the right to pay the rent to Cady; nor did it assert the right of Cady to receive the rents by reason of a right or title adverse to Plaintiff's title. It is charged to have said when it refused to pay rent, "that a certain William Cady had notified, and ordered it not to pay the said, or any; rent to either Plaintiff or her husband." The company did not thereby say how Cady claimed the rent, whether by a title adverse to the Plaintiff, or derived from the Plaintiff or her husband by deed, or assignment, or otherwise. A party claiming the benefit of a forfeiture of an unexpired term, especially by mere words, and a refusal to pay rent, should be held to clear and satisfactory proof. The words proven or relied on should be clear and distinct in their meaning, and not leave reasonable doubt as to the true meaning of the party using them. The Plaintiff, in her bill, does not contest or impeach the deed of lease, or complain that the company did anything on the land prior to March, 1872 not authorized by the lease. If she recovers in the ejectment case, for anything that appears, it must be by reason of the forfeiture of the unexpired term of the lease. Under the allegations of the bill I think it is clear that E. L. Gale, by virtue of his marital right, as the husband of the Plaintiff, became vested with an estate in the 100 acres of land amounting at least to an estate during the joint lives of Plaintiff and himself, and that E. L. Gale,

1873.
Janua y
Term.

Gale
v.
The Oil Run
Petroleum
Company et
al.

his vendees or assignees, by reason thereof, became entitled to the possession and use of the 100 acres of land until the determination of the estate. I do not mean or intend to be understood as determining what are the rights of Plaintiff and her husband as to the oil rents under the lease. This question does not properly arise as between the company and the Plaintiff, in this case, under the allegations of the bill. The question is involved in another case, now before this Court, between other parties.

From the confusion of the authorities it is difficult to define with clearness and satisfaction what words and acts will work a forfeiture of an unexpired term for years. By the common law a tenant for life may forfeit his estate by disclaiming to hold of his lord, or by affirming or impliedly admitting the reversion to be in a stranger. This doctrine is founded in a rule of the feudal law, that if the vassal denied the tenure he forfeited his feud. Now, this denial may be when the vassal claims the reversion himself, or accepts a gift of it from a stranger; for in all these cases he denies that he holds the feud from the lord. But as by the feudal law the vassal was to be convicted of this denial, so in the English law, those acts which plainly amount to a denial must be done in a court of record, to make them a forfeiture; because such act of denial appearing on the record is equivalent to a conviction upon solemn trial. All other denials that might be used by the great lords for trepanning their tenants, and for a pretence to seize their estates were by our law, rejected, for such convictions might be obtained without any just cause; but the denial of tenure upon record could never be counterfeited, or abused to any injustice.—1 Lomax's Digest, 45.

No estate of inheritance or freehold, or for a term of more than five years, in lands, shall be conveyed, unless by deed or will.—Code of West Va., chapter 71, section 1. The deed of lease in this case was made, ac-

1873
January
Term.

Gale
v.
The Oil Run
Petroleum
Company et
al.

knowledged, delivered, and admitted to record in all respects according to law. It contains a covenant of general warranty. The consideration paid for the lease was $20,000, cash in hand, in addition to the large oil rent reserved. There is no covenant or provision in the deed providing for a forfeiture of the lease for any cause. It is claimed that the common law attaches to the deed of lease an implied contract between the landlord and tenant; that if the tenant disclaims the landlord's title by refusing to pay the rent, or claiming title adverse to the landlord's title by mere words, such disclaimer works a forfeiture of the unexpired term of the deed of lease, and vests the same in the landlord, as effectually and perfectly as if the forfeiture had been stipulated for in the deed, no matter whether such unexpired term be five years, more or less. . I cannot agree that this proposition properly states the law: and to so hold would operate great mischief and injustice. It would make the title to lands for a term of years created by solemn deed quite precarious and uncertain. An estate for a fixed number of years created by deed, in lands, as in the case under consideration is not forfeited by a simple refusal to pay rent, or any mere words, where there is no open act of unmistakable hostility by the tenant to the landlord's title, his grantees or assignees with full notice of his adverse title, or assertion of adverse title, and of his holding possession of the premises adversely to the landlord, his grantees or assignees, where no condition or covenant of forfeiture is contained in the deed of lease; especially when the term exceeds five years. The landlord has over and beyond the remedies provided for other creditors, the remedy by distress for rent in arrear. This is a privilege exclusive to the landowning class, and is a relic of feudalism; still it has received legislative approval and public sanction, and I do not condemn it. I only allude to it as being of an ancient system of which the subject under consideration was a part. I have con-

1873.
January
Term.

Gale,
v.
The Oil Run
Petroleum
Company et
al.

sidered this case, as though the company had not an-- swered. As a general rule where a bill for a prelimina-- ry injunction is presented to a chancellor for his consid-- eration and action, upon notice or otherwise, it is not proper for him to receive and consider the Defendant's answer, as an answer upon the application, without the consent of the Plaintiff. As the Plaintiff made no ob-- jection to the filing if the answer of the company, but filed her general replication thereto, it might perhaps be intended that she consented that the Court should hear the application for the injunction upon the bill, answer, general replication, affidavits, and exhibits; but I will not determine that question, as I deem it unne- cessary. If the unexpired term in the lease is not for- feited, as I have held, it is clear from the allegations of the bill that there is an abundance of property liable for the oil rent, by distress or other remedy, to whomsoever the rent is due.

For these reasons, the order of the Judge granting the injunction awarded in this cause on the 4th day of June, 1872, and also the order made on the 3d day of June, 1872, appointing a special receiver to take charge of the property in the bill and order mentioned of the same date, and from which the appeal in this cause is taken, must be reversed, as being improvidently granted and made, and the injunction dissolved, and the bill dis- missed with costs to Defendant in the Court below; and The Oil Run Petroleum Company must recover against Ma- ry Gale its costs in this Court expended. All which must be certified to the Circuit Court of Ritchie County.

HOFFMAN, PAULL, and MOORE, Judges, concur in the foregoing opinion.